**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CRIMINAL ACTION NO. 08-347-KD** |
| | ) | |
| | ) | |
| **CHARLES THOMAS** | ) | |
| **aka CHARLES THOMAS, JR.** | ) | |

**ORDER**

On this date, Defendant appeared before the undersigned for entry of a not guilty by reason of insanity plea. Present for the plea were Defendant, his counsel Christopher Knight, and Assistant United States Attorney John Cherry, who appeared on behalf of the United States.

Upon consideration of the joint stipulation of facts recited in open court, and the results of the forensic evaluation dated February 12, 2009, performed at the Federal Detention Center in Miami, Florida, the Court finds Defendant Charles Thomas not guilty by reason of insanity of the offenses in the indictment, see 18 U.S.C. § 4243(b)(3), to wit: prohibited person (offender convicted of a crime punishable by imprisonment of a term exceeding one year) in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Pursuant to 18 U.S.C. § 4243(c) and (e), when entering a special verdict of not guilty only by reason of insanity at the time of the offense, the Court must hold a hearing not later than forty days after the special verdict, at which the Court must determine whether Thomas met his burden of proving by clear and convincing evidence that "his release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect." United States v. Baker, 155 F.3d 392, 394 (4th Cir. 1998); 18 U.S.C. § 4243(d). If the Court "fails to find that [Thomas] has met this burden, it [must]

commit [Thomas] to the custody of the Attorney General, who shall then assume ultimate responsibility for the custody, care, and treatment of the defendant until he can cause either the state in which the defendant is domiciled or was tried to assume such responsibility." Baker, 155 F.3d at 394 (citing 18 U.S.C. § 4243(e)) (internal quotation marks omitted).

Defense counsel, after conferring with his client, stated that Thomas did not want additional time to prepare for the hearing and declined to present any evidence.[1] Counsel for defendant believes that it is in his client's best interest to be committed and then considered for conditional discharge.

Accordingly, the undersigned finds that Thomas has failed to meet his burden of proving by clear and convincing evidence that "his release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect," Baker, 155 F.3d at 394, and it is **ORDERED** that Thomas be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4243(e) until such time as he is eligible for discharge pursuant to 18 U.S.C. § 4243(f).

The United States Marshal is hereby **ORDERED to immediately transport** Thomas into the custody of the Attorney General.

**DONE** and **ORDERED** this the 14th day of July, 2010.

> **s / Kristi K DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[1] This decision was made in light of the prior evidence that Thomas is mentally able only when he is strictly compliant with medication. In determining dangerousness to the community under 4243(e) and (c), the court cannot consider a conditional release. See United States v. Stewart, 452 F.3d 266, 270 (3d Cir. 2006); Baker, 155 F.3d at 394; United States v. Carbullido, 251 F.3d 833, 834 (9th Cir. 2001) (per curiam).